■ THOMAS LEONARD, Respondent, v PORT AUTHORITY TRANS-HUDSON CORPORATION, Appellant.—Judgment, Supreme Court, New York County (Lauren Brown, J.), entered October 11, 1989, which upon a jury verdict in favor of plaintiff and a stipulation as to the amount of damage, awarded plaintiff the amount of $151,891.30, unanimously affirmed, without costs.

Plaintiff commenced this action against his employer Port Authority Trans-Hudson Corporation (PATH) under the Federal Employers' Liability Act (FELA; 45 USC § 51) to recover damages for injuries sustained in July 1983. While mere injury to an employee is not in itself proof of PATH's negligence, it is clear that the standard of negligence under the FELA is substantially more liberal than that governing ordinary common-law negligence actions. In a FELA action, the "test of a jury case is simply whether the proofs justify with

reason the conclusion that employer negligence played any part, even the slightest, in producing the injury * * * for which damages are sought." *(Rogers v Missouri Pac. R. R. Co.,* 352 US 500, 506, *reh denied* 353 US 943.) The jury is required to weigh myriad factors, including the nature of the task and its hazards, to decide whether an employer has furnished its employee with a reasonably safe place to work. *(Ackley v Chicago & N. W. Transp. Co.,* 820 F2d 263, 267 [8th Cir 1987].) Only in instances where reasonable jurors could reach only one conclusion may the court decide the question as a matter of law. *(Gallose v Long Is. R. R. Co.,* 878 F2d 80, 85 [2d Cir 1989].)

Based on the evidence adduced by plaintiff, a jury could have reasonably concluded that defendant had actual knowledge of the dangerous conditions that existed in the shop's pit area, and should have anticipated the potential hazard that could arise in other areas of the workshop as a result. Although one of PATH's employees regularly washed the greasy pit area, nevertheless oil and other lubricants constantly collected in the pit area. A reasonably prudent person could anticipate that other employees may step in and spread the hazardous material to work areas outside the pit area.

We have considered defendant PATH's other claims and find them to be without merit. Concur—Ross, J. P., Carro, Asch, Wallach and Smith, JJ.